AKRON BAR ASSN. *v.* GIBSON.

[Cite as *Akron Bar Assn. v. Gibson,* 128 Ohio St.3d 347, 2011-Ohio-628.]

*Attorney misconduct, including entering into a business transaction with a client without memorializing the terms in writing, knowingly making a false statement of material fact, and failing to act with reasonable diligence in representing a client.*

(No. 2010-1798 — Submitted January 4, 2011 — Decided February 16, 2011.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 10-074.

_____

**Per Curiam**.

{¶ 1} Respondent, Ruth A. Gibson of Akron, Ohio, Attorney Registration No. 0004701, was admitted to the practice of law in Ohio in 1983. In October 2009, relator, Akron Bar Association, filed a three-count complaint charging respondent with professional misconduct arising from her performing painting and maintenance services for a client while representing him in a divorce, her efforts to obtain payment for those services, and her conduct after another client terminated her services as an attorney. The Board of Commissioners on Grievances and Discipline has accepted the parties' agreed stipulations of fact and misconduct and recommends that we suspend respondent from the practice of law for one year, with the entire year stayed on the conditions that she submit to one year of monitored probation, complete 12 hours of continuing legal education ("CLE") in law-office management, and commit no further misconduct. We agree that respondent committed professional misconduct as found by the board, and we impose the recommended sanction.

**Misconduct**

*Count I*

{¶ 2}   The parties have stipulated that during respondent's representation of a client in a divorce proceeding, she entered into an oral agreement with the client to perform certain nonlegal services to prepare for sale a piece of real property owned by the client and his spouse.  Respondent then sought a court order for payment for those nonlegal services from funds that the client and his spouse had placed in escrow for that purpose, but she did not disclose to the court or to opposing counsel that she and her husband would be the recipients of that payment.  In response, opposing counsel moved to disqualify respondent as counsel on the basis that she was a potential witness regarding the value of the nonlegal services she had performed.  On the day of the hearing on these competing motions, respondent induced the third party holding the money to distribute the funds for her nonlegal services without the approval of opposing counsel or the court.  Thereafter, in an effort to avoid being deposed as a witness, respondent filed a notice of withdrawal of counsel and withdrew her request for payment for her nonlegal services.  She failed to disclose, however, that she had already received payment for those services.

{¶ 3}   While there is no evidence that the amount respondent charged for her nonlegal services was unfair or unreasonable, respondent did not (1) fully disclose the terms of the arrangement to the client in writing, (2) advise the client, in writing or otherwise, of the desirability of seeking the advice of independent legal counsel regarding the transaction, and (3) obtain the client's informed consent in writing.

{¶ 4}   Based upon these facts, the parties have stipulated, the panel and board have found, and we agree that respondent's conduct violated Prof.Cond.R. 1.8(a)(1), (2), and (3) (requiring a lawyer entering into a business transaction with a client to memorialize the terms of the transaction in writing, to advise the client, in writing, of the desirability of seeking independent legal counsel, and to obtain

the client's informed consent in a writing signed by the client), 4.1(a) (prohibiting a lawyer from knowingly making a false statement of material fact or law), 8.4(a) (prohibiting a lawyer from violating or attempting to violate the Ohio Rules of Professional Conduct), 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law). Relator has formally withdrawn its allegation that respondent violated Prof.Cond.R. 8.4(d) (prohibiting conduct prejudicial to the administration of justice), and, citing a lack of sufficient evidence to establish when or if the respondent had sufficient information to determine that she was likely to be a necessary witness in the divorce proceedings, the panel and board have recommended that we dismiss an alleged violation of Prof.Cond.R. 3.7(a) (prohibiting a lawyer from acting as an advocate in a trial in which the lawyer is likely to be a witness).

**{¶ 5}** We accept these findings of fact and misconduct and hereby dismiss the alleged violation of Prof.Cond.R. 3.7(a).

*Counts II and III*

**{¶ 6}** Counts II and III arise from respondent's conduct at the conclusion of her representation of another client in two legal matters. Relator and respondent stipulate that respondent interpreted the client's October 2008 termination of her services in a domestic-relations case as a termination of her services in a second case as well. Respondent, however, failed to file a notice of withdrawal of counsel or a motion seeking leave to withdrawal as counsel in the client's domestic-relations case and waited several months to do so in the client's other case. She ceased attending court hearings on the client's behalf, failed to forward letters and documents regarding the client's legal matters, and ignored the client's requests to return her files.

**{¶ 7}** The parties have stipulated, the panel and board have found, and we agree that respondent's conduct in each of these counts violated Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.16(c) (prohibiting a lawyer from withdrawing from representation in a proceeding without leave of court if the rules of the tribunal so require), and 1.16(d) (requiring a lawyer withdrawing from representation to take reasonably practicable steps to protect the client's interest).

### Sanction

**{¶ 8}** When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in Section 10(B) of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). *Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

**{¶ 9}** In mitigation of punishment, the panel and board found that respondent has no prior disciplinary record, has demonstrated a cooperative attitude toward the disciplinary proceedings, and has demonstrated her reputation for competence, honesty, and trustworthiness, apart from the charged misconduct. See BCGD Proc.Reg. 10(B)(2)(a), (d), and (e). They further observed that respondent has performed substantial pro bono work as a volunteer lawyer and court-appointed guardian ad litem and special advocate for juveniles, that she has been involved in professional and bar association work and committees, and that her significant respiratory illnesses beginning in December 2008 were a contributing factor to some of her misconduct. The only aggravating factor

present is respondent's commission of multiple offenses. See BCGD Proc.Reg. 10(B)(1)(d).

{¶ 10} The panel and board acknowledge that a violation of Prof.Cond.R. 8.4(c) generally requires an actual suspension from the practice of law. See *Disciplinary Counsel v. Fowerbaugh* (1995), 74 Ohio St.3d 187, 190, 658 N.E.2d 237 (holding that misconduct involving dishonesty, fraud, deceit, or misrepresentation warrants an actual suspension from the practice of law). Nonetheless, they observe that an abundance of mitigating evidence may justify the imposition of a lesser sanction. See *Disciplinary Counsel v. Fumich*, 116 Ohio St.3d 257, 2007-Ohio-6040, 878 N.E.2d 6 (imposing a one-year stayed suspension based upon mitigating evidence and absence of motive to exploit clients); *Dayton Bar Assn. v. Ellison*, 118 Ohio St.3d 128, 2008-Ohio-1808, 886 N.E.2d 836 (imposing a one-year stayed suspension based upon mitigating factors including the lawyer's commitment to and reputation for providing legal services to needy clients).

{¶ 11} In this case, respondent entered into a business transaction with a client without making the required disclosures and made material misrepresentations of fact to the escrow agent and the court in seeking payment for her nonlegal services and in withdrawing her motion for payment without disclosing to the court that she had already received payment. She also ceased her representation of another client without obtaining leave from the court to do so and failed to take reasonable steps to protect the client's interests. However, there is no evidence that either client was harmed as a result of respondent's conduct. In light of this fact and the substantial mitigating factors found by the panel and board, we agree that the appropriate sanction for respondent's misconduct is a one-year suspension, all stayed on the conditions that she serve one year of probation, supervised by a monitor appointed by relator pursuant to Gov.Bar R. V(9), that she complete 12 hours of CLE in law-office management in addition to

the CLE requirements of Gov.Bar R. X, and that she commit no further misconduct.

{¶ 12} Accordingly, we suspend Ruth A. Gibson from the practice of law in Ohio for one year, all stayed on the conditions that she serve one year of probation supervised by a monitor appointed by relator, complete 12 hours of CLE in law-office management in addition to the CLE requirements of Gov.Bar R. X, and commit no further misconduct. If respondent fails to comply with the conditions, the stay will be lifted, and respondent will serve the entire one-year suspension. Costs are taxed to respondent.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

David M. Lowry, Harvey F. Miller, and William G. Chris, for relator.

Peter T. Cahoon, for respondent.

_____